IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BILLY G. ASEMANI, #339-096 <br> a/k/a Ghafour Asemani <br><br> Petitioner, <br><br> v <br><br> DEPARTMENT OF HOMELAND <br> SECURITY, IMMIGRATION AND <br> CUSTOMS ENFORCEMENT, <br> JOHN WOLFE, <br><br> Respondents | * <br> * <br> * <br> *   Civil Action No. RDB-16-4065 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *** |

**MEMORANDUM OPINION**

On December 22, 2016, self-represented Petitioner Billy G Asemani filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the 2007 Immigration Detainer filed against him by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") pursuant to a June 1, 2004 order of removal issued by an Immigration Judge. (ECF 1). For reasons to follow, the Petition will be DISMISSED with prejudice for lack of jurisdiction.[1]

**BACKGROUND**

Asemani is a native and citizen of Iran. On April 26, 2006, he pleaded guilty to attempted second-degree murder in the Circuit Court for Howard County and was later sentenced to thirty years of incarceration. Asemani is a Maryland state inmate presently incarcerated at Eastern Correctional Institution in Westover, Maryland. His lengthy litigation history concerning his nationality and immigration status has been exhaustively examined in prior cases in this and

---

[1] On March 22 2017, Asemani filed a Motion for Timely Disposition of the Petition. (ECF No. 3). For reasons apparent herein, it will be denied as moot.

other courts.[2]

In the Petition, Asemani asserts the Immigration Detainer inaccurately states that an investigation has been initiated to determine whether he is subject to removal from the United States, when if fact he has been ordered deported or removed. (ECF 1, ECF 1-1). Asemani claims this distinction is critical to his ability to challenge the removal order against him in collateral proceedings. *Id.* He avers the sole purpose of the Petition "is for the detainer against him to portray the true nature of where he stands with respect to the long-concluded removal proceedings." (ECF No. 1 at p. 3).

## JURISDICTION

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). Asemani's Petition fails to satisfy these requirements. First, Asemani does not claim the detainer violates a constitutional provision, federal law, or treaty, so as to state claim for habeas relief. Second, the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Absent this custody, the court has no jurisdiction to grant the writ. *Orozco v. INS*, 911 F.2d 539, 541 (11th Cir. 1990). The burden of proving subject matter jurisdiction falls on the plaintiff, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*,

---

[2] *See e.g. Asemani v. U.S. Citizenship and Immigration Services*, 797 F.3d 1069 (D.C. Cir. 2015); *Asemani v. Government of Islamic Republic of Iran*, 299 Fed. Appx. 291 (4th. Cir. 2008); *In Re Asemani*, 455 F.3rd 296 (D.C. Cir. 2006); *Asemani v Attorney General*, 292 Fed. Appx. 248 (4th Cir. 2008); *Asemani v Attorney General*, 140 Fed. Appx. 368 (3rd. Cir. 2005); *Asemani v. Wolfe*, Civil Action No. RDB-16-3729, 2016 WL 7031519 (D. Md. November 30, 2016); *Asemani v. Napolitano*, Civil Action No. RDB-10-1029, 2010 WL 8813521 (D. Md. May 4, 2010). Asemani is a frequent *pro se* litigator in this and other federal and state courts. The United States Supreme Court has restricted Asemani's access to the Court for repeatedly abusing its process. *Asemani v. Chronister*, 561 U.S. 1003 (2010) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."). Asemani continues to file suit in the District of Maryland, other federal courts, and in state court. *See e.g.* https://pcl.uscourts.gov/view (listing 102 federal actions filed by Asemani); http://casesearch.courts.state.md.us/ casesearch/inquirySearch.jis (listing 74 Maryland state cases filed by Asemani).

697 F.2d 1213, 1219 (4th Cir. 1982), and if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Courts in this Circuit have held that an immigration detainer does not subject a prisoner serving a criminal sentence to ICE custody. *See e.g. Ogunde v. Holder*, No. 1:13cv484 (JCC), 2013 WL5504417 at *2-3 (E.D. Va. October 31, 2013); *see Sewell v. Stephens*, No. 5:10–HC–2247–FL, 2011 WL 2746122, at *1 n. (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy §2241's 'in custody' requirement."); *Richard v. INS*, C/A No. 0:11–1508–JFA–PJG, 2011 WL 5876916, at *1 (D.S.C. Nov.22, 2011) ("[T]he lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241."). In this case, Asemani is in custody of the Division of Correction of the State of Maryland, and fails to meet his burden to show that he is in ICE custody. As Asemani is undoubtedly aware, if his objective is to challenge the 2004 final order of removal, he must file a "a petition for review filed with an appropriate court of appeals in accordance with [8 U.S.C. § 1252(a)(2)(d) (2005) ]." *See Jordon v. Attorney General*, 424 F.3d 320, 326-27 (3d Cir. 2005).

## CERTIFICATE OF APPEALABILITY

The Petition does not satisfy the standard for a Certificate of Appealabilty, which may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. §2253(c).

## CONCLUSION

For these reasons, the Petition shall be DISMISSED with prejudice for lack of jurisdiction and a Certificate of Appealability SHALL NOT ISSUE. A separate Order follows.

March 31, 2017

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE